[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13719
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00374-MHC


JEROME CURTIS GARRETT,

Plaintiff - Appellant,

versus

POSTMASTER GENERAL UNITED STATES POSTAL SERVICES,

Defendant - Appellee,

WANDA SCOTT, MDO, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 14, 2018)

Before TJOFLAT, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Jerome Curtis Garrett, proceeding *pro se*, brought this employment discrimination suit under the Americans with Disabilities Act, 42 U.S.C. § 12131, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. Because Mr. Garrett sought leave to proceed *in forma pauperis*, the magistrate judge conducted the required frivolity screening under 28 U.S.C. § 1915(e)(2) and issued an order requiring Mr. Garrett to re-plead, noting that the proposed complaint failed to "contain sufficient factual allegations to state a claim for relief based on disability discrimination." D.E. 2 at 5. Mr. Garrett filed an amended complaint, which the magistrate judge recommended dismissing under 28 U.S.C. § 1915(e)(2)(B)(ii) because it failed to state a claim. After considering Mr. Garrett's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the case without prejudice. After careful review, we affirm.

# I

We review the dismissal of the complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo*, taking Mr. Garrett's allegations in the complaint as true. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). *See also Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting the Rule 12(b)(6) standard for failure to state a claim applies to dismissals under

2

§ 1915(e)(2)(B)(ii)).    Because Mr. Garrett is proceeding *pro se*, we liberally construe his complaint but may not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014).

## II

According to the amended complaint, Mr. Garrett was an excellent mail handler for the United States Postal Service.  He was recognized as Mail Handler of the Year, never missed a day of work in his 16-year tenure, and was known to work "around the clock shifts" during the holidays.  His stellar service came to an end tragically on April 19, 2009, when a flat box of mail weighing approximately 70 to 100 pounds fell from a conveyor belt system and struck him in the head.  Mr. Garrett suffered severe injuries, including a broken neck and traumatic brain injury, and is permanently disabled.

Mr. Garrett's amended complaint recounts several incidents of allegedly wrongful conduct committed by the USPS and its employees.  It explains that Mr. Garrett's supervisors failed to safely secure the area or install safety netting to prevent his accident and failed to code Mr. Garrett as injured on duty, causing him to be placed in leave without pay status and lose certain benefits.  The amended complaint alleges that this benefit termination "was not caused by being in a leave without pay status for 365 days, but was instead cause[d] by management not

properly documenting Mr. Garrett's injuries as injured on duty." D.E. 4 at 11. According to Mr. Garrett's filings, these benefits were subsequently reinstated, including "all sick and annual leave with back pay." D.E. 8 at 7.

We agree with the district court that these allegations do not state a claim for disability discrimination. Although Mr. Garrett purports to bring his claim under the ADA, we construe his claim as one under the Rehabilitation Act because the ADA does not cover federal employees. *See* 42 U.S.C. § 12111(5)(B)(i) (excluding the United States from the definition of "employer"); *Sutton v. Lader*, 185 F.3d 1203, 1207 n.5 (11th Cir. 1999) (recognizing that the ADA and Rehabilitation Act share the same standard for liability).[1]

To properly plead his claim, Mr. Garrett must show that "(1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result of his disability." *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017). *See also Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[U]nder the Rehabilitation Act, a plaintiff must prove that he suffered an adverse employment action 'solely by reason of' his handicap.") (quoting 29 § U.S.C. 794(a)). Mr. Garrett's allegations of wrongful conduct do not show that the termination of his benefits was by reason of his disability. Instead,

---

[1] Mr. Garrett also indicated on his amended complaint that he was asserting a Title VII claim. Title VII, however, proscribes discrimination based upon "race, color, religion, sex, or national origin," not disability. *See* 42 U.S.C. § 2000e-2.

4

he pleads that his supervisors used an incorrect code which caused him to be put on leave without pay status. Despite being permitted to amend by the magistrate judge, Mr. Garrett has failed to plead facts showing that that decision was "solely by reason of" his disability, as opposed to other reasons. *See Ellis*, 432 F.3d at 1326.

Likewise, Mr. Garrett's allegations that the USPS created unsafe work conditions and failed to properly provide emergency response treatment after the accident do not provide the required link to show that he was discriminated against as a result of his disability. First, alleged negligence before Mr. Garrett's injury cannot support his case for disability discrimination because such conduct occurred before he had a disability. *See Garrett v. Univ. of Ala. at Birmingham Bd. of Trustees*, 507 F.3d 1306, 1315 (11th Cir. 2007) (plaintiff who could not show she was disabled at time of alleged demotion did not establish prima facie case of disability discrimination). Second, his employer's failure to call EMS to assist him after the injury was not the type of "adverse employment action" required to state a discrimination claim. *See Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001) (requiring "a serious and material change in the terms, conditions, or privileges of employment").

## III

We are sympathetic to Mr. Garrett's situation, but our sympathies do not allow us to overlook that—even construed liberally—he has failed to allege facts to show a causal connection between his disability and the termination of his benefits. Given this deficiency, the district court correctly concluded that Mr. Garrett failed to state a disability discrimination claim.

**AFFIRMED**.